IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                            06-CR-0212-C-01

SHACONA JOHNSON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the revocation of Shacona Johnson's supervised release was held in this case on November 7, 2007, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Grant Johnson. Defendant was present in person and by counsel, Erika Bierma. Also present was United States Probation Officer William T. Badger.

      From the record, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Missouri on June 11, 2002, following her conviction for conspiracy to distribute cocaine (a Class A felony) in violation

1

of 21 U.S.C. §§ 846 and 841(a)(1). She was placed on probation for five years. Her probation was revoked on July 17, 2002 and she was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 60-month term of supervised release to follow. Standard condition no. 6 of her supervised release required defendant to notify her supervising probation officer at least ten days in advance of any change in her residence. Special condition no. 1 required her to participate in drug counseling programs as directed by the probation officer.

On September 20, 2006, defendant's term of supervised release was revoked and she was sentenced to time served, with a two-year term of supervised release to follow. She began her second term of supervised release on September 20, 2006. On October 30, 2006, jurisdiction was transferred to this district. On March 28, 2007, after defendant violated the terms of her supervised release by traveling to Missouri without permission, I modified the conditions of her supervised release to add a special condition requiring her to reside in a residential re-entry center for a period of 120 days, beginning on or about April 9, 2007.

On October 5, 2007, the court issued a warrant for defendant's arrest on the basis of allegations that she had violated standard condition no. 6 by failing to notify her probation officer of a change in her residence and violating special condition no. 1 by failing to report to Rock Valley Community Programs on September 17 and 24, 2007, for substance abuse counseling. On October 19, 2007, defendant was arrested in Springfield, Missouri, for

2

driving under the influence of alcohol and operating without a valid driver's license.

Defendant has stipulated that she violated standard condition no. 6 and 1 and special condition no. 1 of her supervised release. Her conduct falls into the category of Grade C violations, as defined by §7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant has had two prior revocations. Efforts to assist her to adjust to a law-abiding life have been unsuccessful. Although defendant completed the Arc-Dayton program successfully and planned to reside in Madison, she returned to Beloit with no employment. Last month she was arrested in Missouri after leaving Wisconsin with no notice to the supervising probation officer and after failing to appear for substance abuse counseling. To hold defendant accountable, the two-year term of supervised release imposed on her on September 20, 2006 will be revoked.

Defendant's criminal history category is I. With a Grade C violation and a criminal history category of I, defendant has a guideline imprisonment range of 3 to 9 months. The statutory maximum term of imprisonment to which she can be sentenced upon revocation is 56 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term

of supervised release is revoked may not be required to serve more than five years if the offenses for which she was sentenced previously was a Class A felony. Defendant served four months of imprisonment on her previous revocation of supervised release.

I have selected a sentence of 24 months to hold defendant accountable, reflect the seriousness of her violations of her release conditions, protect the community and provide an opportunity for her to complete the Bureau of Prisons' 500-hour drug abuse treatment program.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months. I recommend that defendant be afforded the opportunity to enroll in the 500-hour drug abuse treatment program offered by the Bureau of Prisons. I recommend that defendant serve the last 30 days of her confinement in a federally approved community corrections center, with work release privileges. No period of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before her release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of her incarceration.

Entered this 7th day of November 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge